ANGUS MACINTOSH, PLAINTIFF IN ERROR,

*v.*

WILLIAM RENTON ET AL., DEFENDANTS IN ERROR.

Contracts for the sale and transfer of Soldiers' Additional Homestead Scrip are contrary to the plain policy of Congress, and void.

Therefore, a complaint which sets forth such transfer, and seeks a money judgment thereon, without stating facts to exonerate the plaintiff from blame or show excusable culpability, does not state facts sufficient to constitute a cause of action.

Advantage may be taken of such defect for the first time in this Court.

ERROR to Third Judicial District, holding terms at Seattle

In the early part of January, 1876, the plaintiff in error was engaged in the real estate business in the city of Seattle, and, as he claimed, was acting as the agent of one J. W. Hartley and one Theodore F. Barnes, of Nebraska, for the sale of what is commonly known as " Soldiers' Additional Homestead Scrip " ; but of which alleged agency defendants in error claimed entire ignorance, and, on the contrary, produced numerous letters and writings, tending to show that he held himself forth as the owner of the scrip in which he dealt. This scrip purported to be written evidence of the right granted by Congress to every private soldier or officer who served in the army of the United States for ninety days during the recent rebellion, who was honorably discharged therefrom, had remained loyal to the United States ever since that time, and who had, prior to the 8th day of June, 1872, entered under the homestead laws of the United States a quantity of land less than one hundred and sixty acres, to enter, as a homestead, sufficient land to make one hundred and sixty acres when added to that already entered.

The homestead right of each claimant was represented by a separate set of papers, consisting of, first, a certificate from the Register of a United States Land Office, that the soldier named therein had an original homestead, describing it; second, an application by the original claimant for an additional homestead ; third, an affidavit of the original claimant, stating that he had made application for an additional homestead, giving the number of the application ; and that said application was made for his own exclusive benefit, and not directly or indirectly for the ben-

efit of any other person whatsoever; fourth, an affidavit of the original claimant as to the length of his service in the army; fifth, a certified copy of his discharge; sixth, a power of attorney executed by the original claimant, authorizing the person therein named to enter the additional homestead in the name of the claimant, and receive the duplicate certificate and patent therefor; seventh, a power of attorney executed by the original claimant, and in terms irrevocable, authorizing the person therein named to enter the additional homestead of such claimant in his name, and to sell the same and execute deeds thereof.

The plaintiff in error informed the defendants in error, who were engaged in the lumber business at Port Blakely, that he had this scrip for sale. This gave rise to a correspondence between the parties, which resulted in the defendants in error ordering of the plaintiff in error scrip for one thousand acres, two hundred and forty to be delivered to one W. B. Moore.

The scrip was delivered to Moore, with the exception of one piece, returned to plaintiff in error, and is not in controversy in this case.

At the time of delivery of the scrip, the applications for additional homesteads and powers of attorney were executed in blank—that is to say, none of the applications stated its number or date, or the land office where it was to be made, or described the land to be entered; and none of the powers of attorney stated the name of the attorney, the land office where the entry was to be made, or described the land to be entered. The scrip was purchased by defendants in error as a medium for acquiring timber land for logging purposes; and to make it serviceable for such use they caused the blanks to be filled accordingly; and having inserted the names of some of their own employees as attorneys for the original claimants, about the 18th day of March, 1876, presented it at the Land Office at Olympia, in order to enter the land. The entry, however, was at once refused, and the scrip rejected, on account of the alleged spurious character of the signatures of the officers before whom the affidavits were taken and the powers of attorney acknowledged, as claimed by plaintiffs in error; but according to the claim of the defendants in error, it was rejected because of instructions from the General Land Office, and was afterwards rejected as spurious by the Commissioner of the General Land Office.

In January, 1879, after the return of the scrip to defendant in error, it was tendered to plaintiff in error, and being refused, action was commenced for the purchase price. Trial by the Court, and judgment for defendant in error. The Court found the contract illegal, but that both parties had acted under an innocent mistake of law.

*Sturve, Haines & Leary,* for Plaintiff in error.

The right to rescind a contract must be exercised within a reasonable time, and proper diligence must be used in so rescinding. (Chitty on Contracts, 9th American edition, page 641; Story on Contracts, 4th edition, Sec. 844 a; *Mason* v. *Bovet,* 1 Denio, p. 74; *Curtis* v. *Howell,* 39 N. Y., p. 211; *Barfield* v. *Price,* 40 Cal., p. 535; *Cobb* v. *Hatfield et al.,* 46 N. Y., p. 533; *Raymond* v. *Boor,* 13 Sergeant & Rawle Reports, 318; *Currier* v. *Pannock,* 14 Ibid, p. 56; *Rich* v. *Kelly,* 30 Pennsylvania State, p. 530; *Gloucester Bank* v. *Salem Bank,* 17 Mass., p. 33; *Smith* v. *Mercer,* 6 Taunton, 76; Bigelow on Estoppel, p. 407; *Cutler* v. *Gilbreth,* 53 Me., p. 176; *Holbrook* v. *Burt,* 22 Pick., p. 546; *Kingsley* v. *Wallis,* 14 Me., p. 57.)

One seeking to disaffirm a contract should do so at the earliest practicable moment, and must return all that has been received under it. A retention of any portion is incompatible with the rescission of the contract. (*Cobb* v. *Hatfield et al.,* 46 N. Y. 533; *Voorhees* v. *Earl,* 2 Hill, 288; *Curtis* v. *Howell,* 39 N. Y., p. 409; *Dow* v. *Fisher,* 1 Cush., p. 274; *Conner* v. *Henderson,* 15 Mass., p. 319; *Kimball* v. *Cunningham,* 4 Mass., p. 502; *Morse* v. *Brackett,* 98 Mass., p. 207; *Cook* v. *Gilman,* 34 N. H., p. 556; *Central Bank at Cherry Valley* v. *Pindar,* 46 Barb., p. 467.)

A contract cannot be rescinded unless the parties can be placed *in statu quo.* (Bigelow on Fraud, 1st edition, p. 411; Kent's Commentaries, Vol. 2, 12th edition, p. 480; *Hunt* v. *Silk,* 5 East. p. 449; *Potter* v. *Titcomb,* 22 Maine, p. 300; *Burge* v. *Cedar Rapids & Missouri Railroad Company,* 32 Iowa, p. 10.)

The guaranty and power of attorney should have been tendered before bringing suit. (Bigelow on Fraud, 1st edition, pp. 419, 420; *Williams* v. *Kitchen,* 21 Wisconsin, p. 438; *Estabrook* v. *Swett,* 116 Massachusetts, p. 303; *Barrett* v. *Brown,* 105 Massachusetts, p. 551.)

There can be no contract unless the parties thereto assent, and they must both assent to the same thing in the same sense, and unconditionally.   (Parsons on Contracts, 5th edition, Vol. 1, p. 475; Benjamin on Sales, 1st American edition, sections 39 and 40; *Eliason* v. *Henshaw*, 4 Wheaton, p. 535; *Carr* v. *Duval*, 14 Peters, p. 77; *Smith* v. *Gowdy*, 8 Allen, p. 566; *Johnson* v. *Stephenson*, 26 Mich., p. 63.)

Defendants in error had full notice, actual and constructive, of the agency of plaintiff in error.

Dexter Horton acted as their agent in closing the contract for scrip, and notice to him was notice to them.   (Story on Agency, 8th edition, Sec. 140 a; *Hart* v. *Farmers' and Mechanics' Bank*, 33 Vermont, p. 252; *Patten* v. *Insurance Co.*, 40 N. H., p. 375; *The Distilled Spirits*, 11 Wallace, p. 356; *Dresser* v. *Norwood et al.*, 112 English Common Law, p. 466; *Pierce* v. *Red Bluffs Hotel Co.*, 31 Cal., p. 161; Kent's Commentaries, 12th edition, p. 360, note.)

Money paid with full knowledge of the facts, but under a mistake of law, cannot be recovered back.   (*Brisbane* v. *Dacres*, 5 Taunton, p. 143; *Bilbie* v. *Lumley*, 2 East., p. 470; *Elliot* v. *Swathout*, 10 Peters, p. 137; *Doll* v. *Earl*, 59 New York, p. 638; *Robinson* v. *City Council of Charlestown*, 2 Richardson, S. C., p. 317; *Elston* v. *Chicago*, 40 Illinois, p. 514; *Brumagin* v. *Tillinghast*, 18 Cal. p. 265; *Garrison* v. *Tillinghast*, Ibid, p. 404; *Johnson* v. *McGinness*, 1 Oregon, p. 292; *Ford* v. *Brownell*, 13 Minnesota, p. 184; *Ege* v. *Koontz*, 3 Pennsylvania State, p. 109; *Natcher* v. *Natcher*, 47 Pennsylvania State, p. 496; *Downs* v. *Donnelly*, 5 Indiana, p. 496; Daniel on Negotiable Instruments, Sec. 1226; *Lamborn* v. *County Commissioners*, 7 Otto, U. S., p. 181; *Clark* v. *Dutcher*, 9 Cowen, p. 674; *Mays* v. *Cincinnati*, 1 Ohio State, p. 274; *Benson* v. *Moore*, 7 Cushing, p. 125.)

A mistake by the buyer in supposing that the article bought by him will answer a certain purpose, for which it turns out to be unavailable, is not a mistake as to the subject matter of the contract.   (Benjamin on Sales, 1st American edition, Sec. 56; *Chanter* v. *Hopkins*, 4 Meeson and Welsby, p. 399; *Ollivant* v. *Bayley*, 5 Queen's Bench, p. 288; *Prideau* v. *Bunnett*, 1 Common Bench, New Series, p. 613.)

Money paid under a void judgment cannot be recovered back.

(*Job* v. *Collier*, 11 Ohio, 422; *Homer* v. *Fish*, 1 Pickering, 435; *Brown* v. *Rich*, 40 Barbour, 28.)

It is not always sufficient to excuse a failure of tender, that the thing held is of no intrinsic or market value. If it be capable of serving any purpose of advantage by the possession or control of it, or if the loss of it would be any disadvantage to the party from whom it was obtained, tender must be made. (Bigelow on Land, p. 420; *Bassett* v. *Brown*, 105 Mass. 554.)

The execution of the powers of attorney, guaranties, and other papers in blank, carried with it an implied authority to fill the blanks; which authority, as against innocent third parties, the persons executing those instruments would be estopped to deny, and thus be subjected to delay in establishing their rights, if they did not lose them completely. (*Daw* vs. *United States*, 16 Wallace, p. 1; *Smith* v. *Peoria County*, 59 Illinois, p. 412; Brandt on Suretyship and Guaranty, Sec. 355; Daniel on Negotiable Instruments, Secs. 142, 143.)

The additional homestead rights were granted by Congress solely for the purpose of enabling honorably discharged soldiers and sailors, their widows and orphan children, to acquire homesteads on the public lands of the United States; and any sale or assignment of such rights were illegal, and could not be consummated without violating the law. (Revised Statutes of the United States, Secs. 2289, 2290; 17th U. S. Statutes at Large, p. 49; Idem, p. 233, Sec. 2; Revised Statutes of the United States, Secs. 2304, 2306; Idem, Sec. 2478; *Meyers* v. *Croft*, 13 Wallace, p. 291; Circular from Commissioner of General Land Office, Copps' Public Land Laws, pp. 179, 182, 184, 186, 198, 199; Copps' Land Owner, Vol. 3, pp. 22, 52; Idem, Vol. 4, pp. 35, 37; Idem, Vol. 5, p. 38; Idem, Vol. 6, p. 106.)

A contract to do an illegal act cannot be enforced, whether it be *malum prohibitum*, *malum in se*, or only contrary to public policy. *Ex turpi causa, non orita actio.* (Broom's Legal Maxiums, 6th American edition, pp. *704, *705, *706; *Bank of United States* vs. *Owens*, 2 Peters, p. 527; *Mitchell* v. *Smith*, 1 Binney, p. 110; Parsons on Contracts, 5th edition, Vol. 1, p. 458; *Arnol* v. *Pittston and Elmira Coal Co.*, 68 New York, p. 558; *Morris Run Coal Co.* v. *Barclay Coal Co.*, 68 Pennsylvania State, p. 173; *Saratoga Bank* v. *King*, 44 New York, p. 87;

*People* v. *Fisher*, 14 Wendell, p. 9 ; *Auburt* v. *Maze*, 2 Bosan-quet and Puller, p. 374 ; Story on Sales, 4th edition, Secs. 486, 496, 504 ; Chitty on Contracts, 10th American edition, pp. 729, 730 ; Benjamin on Sales, 1st American edition, Secs. 507, 508, 509.)

Where money has been paid upon an illegal contract, and the parties are equally at fault, it cannot be recovered back. *In pari delictu, portior est conditio defendentis et possidentis.* (Broom's Legal Maxims, 6th American edition, p. *692 ; Storey's Equity Jurisprudence, 10th edition, Vol. 1, Sec. 61 ; *Worcester* v. *Eaton,* 11 Massachusetts, p. 368 ; *Spalding* v. *Bank of Muskingum,* 12 Ohio, p. 544 ; Smith's Leading Cases, 6th American edition, Vol. 1, p. *507 ; *Artcr* v. *Byington,* 44 Illinois, p. 468 ; *Tyler* v. *Smith,* 18 B. Monroe, Ky., p. 793 ; *Cannan* v. *Bryce,* 3 Barn-well and Alderson, p. 179 ; *Boutelle* v. *Melendy,* 19 New Hamp-shire, p. 196 ; Chitty on Contracts, 10 American edition, p. 709 ; *Randall* v. *Howard,* 2 Black, U. S., p. 585 ; *Peck* v. *Burr,* 10 New York, p. 294 ; *Knowlton* v. *The Congress and Empire Spring Co.,* 57 New York, p. 518 ; *Wabaunisee Co. v. Walker,* 8 Kans. p. 431 ; *Commissioners of Catawba* v. *Setzer,* 70 North Carolina, p. 426 ; *Hanson* v. *Hancock,* 8 Term Reports, p. 575 ; *Tompkins* v. *Bernet,* 1 Salkeld, p. 22.)

When money is paid by mistake, interest does not run upon it, until the party in whose possession it is is put in default by a demand by the party to whom it is justly due. (Story on Contracts, 4th edition, Sec. 1031 ; *Brown* v. *Campbell,* 1 Ser-geant & Rawle, p. 179 ; *King* v. *Diehl,* 9 Sergeant & Rawle, p. 409 ; *Boston & Sandwich Glass Co.* v. *Boston,* 4 Metcalf, p. 181.)

*McNaught, Ferry & McNaught,* for Defendants in error.

The scrip was valueless, and need not have been tendered be-fore bringing this suit. (Benjamin on Sales, pp. 841–899 and note ; *Douglass Ax Man. Co.* v. *Goddard,* 10 Cushing, 88 ; *Smeltzer* v. *White,* 2 Otto, 396 ; *Utly* v. *Donaldson,* 4 Otto, 29 ; *Stone* v. *Post,* 6 Lansing, 444 ; 2 Story on Contracts, Secs. 844–846.)

The question as to whether the tender was made within a reasonable time, under all the circumstances, is one of fact for the jury. (1 Starkie on Ev., 5th Am. ed., p. 404 ; *Douglass Ax Man. Co.* v. *Goddard,* 10 Cushing, 88.)

It was not necessary to tender the guaranties and powers of attorney before bringing suit. (Bigelow on Fraud, p. 412; *Pence* v. *Langdon*, 9 Otto, 580; *Smeltzer* v. *White*, 2 Otto, 390.)

The plaintiff in error had actual notice of the extent of Horton's agency. (Wade on Notice, Sec. 660; Story on Agency, Secs. 165–6.)

"The contract of sale is in writing. The agency is not disclosed therein. Parol evidence is inadmissible to show, with a view of exonerating plaintiff in error, that he disclosed his agency and mentioned the name of his principal at the time the contract was executed." (*Wash* v. *Town*, 5 Wall. 690–702; Bigelow on Estoppel, 2d ed., 513; Story on Agency, Secs. 396–398.)

The plaintiff in error was "bound, not by the collateral contract of warranty, but by the principal contract itself, to deliver that which is genuine and marketable by the name or denomination used in describing it." (Benjamin on Sales, Secs. 60, 61; *Utley* v. *Donaldson*, 4 Otto, 29.)

The law gives relief when the construction is doubtful. (Bigelow on Fraud, p. 247, note 2, also pp. 8, 9; Pomeroy on Contracts, Sec. 23; *Cook* v. *Nathan*, 16 Barb. 342–4; 4th Copp's Land Owner, pp. 36–38; Fry on Specific Performance, 2d Am. ed., pp. 316–318, note; *Hunt* v. *Romaines*, 8 Wheaton, 174; *Snell* v. *Insurance Co.*, 8 Otto, p. 90.)

The guaranties were no part of the scrip or contract. Horton had no authority to receive them. Plaintiff in error knew the extent of Horton's authority. The guaranties were blank, and they were never in the possession of the defendants in error. *Pence* v. *Langdon*, 9th Otto, 580.)

The contract is not illegal. (*United States* v. *Martin*, 4 Otto, p. 400; Story on Contracts, 4th ed., Sec. 614; 4 Copp's Land Owner, pp. 35–38.)

The parties are not equally in fault in this case. (Benjamin on Sales, 2d Am. ed., p. 464; Chitty on Contracts, 6th Eng. ed., p. 732 and note "L.")

The question of interest, not having been raised in the motion for a new trial, cannot now be heard.

Statute of 1877, p. 99, Sec. 45 reads: "A judgment or order shall not be reversed for an error which can be corrected on motion in an inferior Court, until such motion has been made

then [there] and overruled." (*Jones et al.* v. *Wiley*, 1 W. T. R. 603 ; *Palmer* v. *Stewart*, 2 California, 348 ; 3d Estee's Pleadings, 2d ed., p. 364 ; *Le Roy et al.* v. *Rogers*, 30 California, 230 ; *Zenith G. & S. Co.* v. *Irvin*, 32 California, 303.)

Interest was properly allowed.

This is not a case of mistake merely. Plaintiff in error made certain representations which were not true. He did not know at the time of making them whether they were true or not. Defendants in error relied upon them. This was a fraud in law by plaintiff in error. (*McFarren* v. *Taylor et al.*, 3 Cranch, 381; Pomeroy on Contracts, Sec. 217, note 1; *Purdy et al.* v. *Phillips et al.*, 11 New York, 406.)

This Court will not disturb findings of fact of District Court when there is any evidence to support them. (*Bullen* v. *Garrison*, 1 Washington Territory Rep. 587 ; *Scannell* v. *Strahle*, 9 California, 177 ; *Paul* v. *Silver*, 16 California, 74; *Frost et al.* v. *Harford*, 40 California, 165 ; *Canale* v. *City of Benicia*, 4 California, 386 ; *Phelps* v. *McGowan*, 42 California, 298; *Woods* v. *Whitney*, 42 California, 358.)

No question of fact can be raised in this Court, not embraced in motion for new trial in District Court. (*Rhine* v. *Bogardus*, 13 California, 74; *Allen* v. *Fenton*, 27 California, 69.)

A party must rely upon error of law, in which case he need not move for a new trial, or if he moves for a new trial he must subject himself to the equitable power of the Court. (*Rice* v. *Gaskin*, 13 California, 54.)

Opinion by GREENE, Chief Justice.

In endeavoring to get to an issue in the Court below, the plaintiffs, who are here defendants in error, filed an amended complaint. This complaint the defendant, who is here plaintiff in error, saw fit to answer without demurring. Issues of fact were made, and a trial had before the Judge. Findings of fact and judgment, following in due course, were for plaintiff. In bringing their action, the plaintiffs sought to recover back an amount paid by them upon a contract to purchase what goes by the name of " Soldiers' Additional Homestead Scrip." Their complaint in substance declares that defendant contracted to sell them, at an agreed price, certain Soldiers' Additional Homestead Scrip,

which was afterwards duly delivered, and for which the price agreed was paid, but which turned out to be forged and valueless. It is now urged in this Court, that the complaint does not state facts sufficient to constitute a cause of action, since it appears, on the face of it, that the contract set up attempted to effect a sale which could not be made without contravening public policy. By the phrase " Soldiers' Additional Homestead Scrip," no other scrip can be understood than such as purports to carry a soldier's right to make and perfect entries of land under Section 2306, and connected sections of the United States Revised Statutes. Equally clear it is, that, under those sections, the right to make such entries and take the benefit of them belongs to the soldier himself alone, and that it is against the plain intent and policy of Congress for any one to negotiate to transfer it.

For ordinary cases the rule is well settled, that no action can be maintained upon an agreement contrary to the policy of the law. This rule has exceptions. An exception occurs, where the contract has been entered into under circumstances of mistake or misrepresentation, or where the party plaintiff is decidedly the less to blame. Of such circumstances, a Court of Equity would take cognizance, and in a fit case grant relief.

Here, the complaint puts forward nothing but a supposed contract, an execution of it on plaintiff's part, and a total failure of consideration on defendants'—nothing, in fact, but what purports to be a mere legal cause of action. Possibly it might be amended, so as to show a state of affairs deserving of equitable redress ; but as it stands, it lacks the facts essential to a good pleading.

Persuaded of this, we do not need to express an opinion upon questions arising out of anything later in the cause. The judgment of the District Court will be reversed, and the cause remanded to that Court, with directions to vacate all proceedings subsequent to the amended complaint and to dismiss the cause, unless the plaintiffs, within such reasonable time and upon such terms as that Court may fix, shall so amend their complaint as to show themselves *prima facie* entitled to recover.